UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


ANDREW FIELDS                    :
                                 :              PRISONER
        v.                       :      Case No. 3:04CV1245(WWE)(HBF)
                                 :
CONNECTICUT DEPARTMENT           :
OF CORRECTION, et al.[1]         :


MEMORANDUM OF DECISION

Plaintiff Andrew Fields ("Fields") is a federally sentenced prisoner currently housed at the Garner Correctional Institution in Newtown, Connecticut, pursuant to an intergovernmental agreement between the Federal Bureau of Prisons and the Connecticut Department of Correction.  He brings this civil rights action pro se pursuant to 28 U.S.C. section 1915.  Fields alleges, inter alia, that he was improperly transferred to Connecticut and has been denied access to federal legal research materials.  Defendant Federal Bureau of Prisons has filed a motion to dismiss all claims against it as well as all claims against defendants Davis, Lappin and Hershberger.  Also pending are Fields' motions for leave to amend and for preliminary

---

[1]The named defendants in the amended complaint are Connecticut Department of Correction, Theresa C. Lantz, Remi Acosta, Lynn Milling, Wayne Choinski, Jeffrey McGill, Terrence Rose, Fred Levesque, Mark R. Suse, Brian Bradway, Lt. Sailius, O'Dell, Pensavalle, Krob, Alexander, St. John, Federal Bureau of Prisons, Randy Davis, Harley Lappin and Gregory L. Hershberger. All correctional officials are named in their individual capacities only.

injunctive relief.  For the reasons that follow, Fields' motions will be denied and the motion to dismiss will be granted.

I.   Motion for Leave to Amend [doc. #18]

Fields seeks leave to file a second amended complaint. Attached to his motion is a document entitled "Proposed Amended Complaint."  Although the document lists all current defendants in the case caption, Fields does not include any of the claims in the first amended complaint.

The proposed amended complaint is deficient.  An amended complaint completely replaces the original complaint.  Therefore, it must include all claims and requests for relief.  See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978).  If the court were to accept the proposed amended complaint for filing, the claims against all current defendants would be considered withdrawn.

In addition, even if the proposed amended complaint were in proper form, leave to amend would be denied.  Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires."  Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory

2

motive, undue prejudice and futility of the amendment.  <u>See</u>
<u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962).

Fields' first amended complaint is dated August 25, 2004.
He alleges that he was transferred to Connecticut in retaliation
for his litigation activities and that he has been denied access
to federal legal materials in Connecticut.  In the proposed
amended complaint, Fields describes an incident occurring in
April 2005.  He alleges that correctional officers were
attempting to extort money from him and that he was sexually
assaulted.

The claims in the proposed second amended complaint are not
related to the claims in the first amended complaint and involve
correctional officers who are not currently defendants in this
action.  The court cannot discern how permitting Fields to
further amend his complaint would clarify or amplify his current
claims.  In addition, permitting amendment would delay resolution
of this case.  The motion for leave to amend will be denied.
Should Fields wish to pursue the claims in the proposed amended
complaint, he may file a new action.

II.  <u>Motion for Preliminary Injunctive Relief [doc. #14]</u>

Fields seeks preliminary injunctive relief in the form of an
order that he be transferred from Northern Correctional
Institution.  In his memorandum, Fields asks that he be
transferred to a federal correctional institution or a state

facility with adequate federal legal materials.  Although Fields has been transferred to Garner Correctional Institution since the initiation of this action, this transfer does not satisfy his request for transfer to a federal or state facility with adequate federal legal materials.

The courts do not routinely grant preliminary injunctive relief.  See Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981).  Also, federal courts grant injunctive relief against a state or municipal official only in compelling situations.  See Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit, the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party must show, first, that he will be irreparably harmed if the court fails to issue an injunction.  Second, the moving party must demonstrate either a likelihood of success on the merits or the existence of sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, along with a balance of hardships tipping decidedly in his favor.  See Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  See Drywall Tapers &

4

Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir.
1992).  Where the court can determine from the record that there
are no factual disputes that must be resolved at an evidentiary
hearing, the court can decide the motion without oral testimony.
See 7 James W. Moore, et al., Moore's Federal Practice  ¶
65.04[3] (2d ed. 1995).  Upon review of the record in this case,
the court determines that oral testimony and argument are not
necessary.

First, Fields has no constitutional right to remain in or be
transferred to any particular correctional facility.  See Olim v.
Wakinekona, 461 U.S. 238, 248 (1983) (inmates have no right to be
confined in a particular state or a particular prison within a
given state); Meachum v. Fano, 427 U.S. 215, 225 (1976) (transfer
among correctional facilities, without more, does not violate
inmate's constitutional rights, even where conditions in one
prison are "more disagreeable" or the prison has "more severe"
rules).

Second, Fields argues that his constitutional right of
access to the courts has been violated because he has not been
provided federal legal resources or assistance from a program
designed to assist federal prisoners.  In Lewis v. Casey, 518
U.S. 343 (1996), the Supreme Court clarified what is encompassed
in an inmate's right of access to the courts and what constitutes
standing to bring a claim for the violation of that right.  The

Court held that to show that the defendants violated his right of access to the courts, an inmate must allege facts demonstrating an actual injury stemming from the defendants' unconstitutional conduct.  See id. at 349.  As an illustration, the Court noted that if an inmate were able to show that, as a result of the defendant's action, he was unable to file an initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim, he could state a claim for denial of access to the courts.  See id. at 351.  The Court, however, specifically disclaimed any requirement that prison officials ensure that inmates have sufficient resources to discover grievances or litigate effectively once their claims are brought before the court.  See id. at 355.

The actual injury described above cannot derive from "just any type of frustrated legal claim."  Id. at 354.  Inmates must be afforded access to court to file a direct appeal, a petition for writ of habeas corpus or a civil rights action challenging the denial of a basic constitutional right.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id. at 355.

Fields has not included any evidence of an actual injury in his motion.  The court notes that Fields has filed two civil

6

actions in this district since his arrival.  The papers he has
filed in this case include legal argument and citations to
federal cases.  Therefore, the court concludes that Fields has
not demonstrated a likelihood of success on the merits of this
claim.  Accordingly, his motion for injunctive relief will be
denied.

III. Motion to Dismiss [doc. #29]

    Defendant Federal Bureau of Prisons ("the BOP") moves to
dismiss all claims against it on the ground that the court lacks
jurisdiction to entertain a claim against a federal agency.  In
addition, the BOP contends that adequate grounds exist to dismiss
all claims against defendants Davis, Lappin and Hershberger.

    A.    Standard of Review

    When considering a Rule 12(b) motion to dismiss, the court
accepts as true all factual allegations in the complaint and
draws inferences from these allegations in the light most
favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232,
236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140,
143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears
beyond doubt that plaintiff can prove no set of facts in support
of his claim which would entitle him to relief.  See Davis v.
Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v.
Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  "'[T]he issue is not
whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims.'"
York v. Association of Bar of City of New York, 286 F.3d 122, 125
(2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537
U.S. 1089 (2002).  In other words, "'the office of a motion to
dismiss is merely to assess the legal feasibility of the
complaint, not to assay the weight of the evidence which might be
offered in support thereof.'"  Eternity Global Master Fund Ltd.
v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir.
2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.
1980)).  However, "[c]onclusory allegations or legal conclusions
masquerading as factual conclusions will not suffice to prevent a
motion to dismiss" from being granted.  Smith v. Local 819 I.B.T.
Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal
quotation marks and citation omitted).

    B.   Facts

    For the purposes of deciding this motion, the court assumes
that the following allegations contained in the amended complaint
and attached documents are true.  The court includes only those
facts relevant to the claims against defendants Davis, Lappin,
Hershberger and the BOP.

    Prior to his transfer to Connecticut, Fields was
incarcerated at the United States Penitentiary in Marion,
Illinois ("USP Marion").  Fields describes himself as a writ
writer, that is, an inmate who provided legal assistance to other

inmates.

On January 4, 2004, Fields prepared legal documents relating to a lawsuit against USP Marion staff.  He handed the documents to a correctional officer for mailing at midnight.  The next morning, Fields was escorted to the lieutenant's officer and prepared for transfer to Northern Correctional Institution in Somers, Connecticut.  As he was leaving USP Marion, a correctional lieutenant, who is not a defendant in this case, warned Fields that he was being sent to an institution where friends of the lieutenant would make Fields stop filing lawsuits against USP Marion staff.

At Northern Correctional Institution, Fields was not provided access to federal legal materials.  When he attempted to assist other inmates with legal matters, Fields was transferred to a different cell.

C.   Discussion

Fields brings his claims against defendants BOP, Davis, Lappin and Hershberger pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971), which is the nonstatutory federal counterpart to a civil rights action pursuant to 42 U.S.C. section 1983.  Under Bivens, Fields may seek damages against defendants acting in their individual capacities where their conduct is found to violate constitutional rights.  See Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981).  The

only relief available in a <u>Bivens</u> action is an award of damages
from the defendant.  <u>See</u> <u>Polanco v. DEA</u>, 158 F.3d 647, 652 (2d
Cir. 1998) (noting that a <u>Bivens</u> action is, by definition, a
claim for money damages).


      1.  <u>Claims Against the BOP</u>

_____The BOP moves to dismiss all claims against it because the
court lacks jurisdiction to entertain them.  A <u>Bivens</u> action will
only lie against a federal government official.  Any such action
against the United States or a federal agency is routinely
dismissed.  <u>See</u> <u>Mack v. United States, Fed. Bureau of</u>
<u>Investigation</u>, 814 F.2d 120, 122-23 (2d Cir. 1987).  <u>See also</u>
<u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486 (1994) (holding that actions
for damages against federal agencies are not cognizable under
<u>Bivens</u>).  Thus, the BOP's motion to dismiss will be granted as to
any claims against the BOP.

    Furthermore, sovereign immunity bars suits against the
United States government and its agencies.  <u>See</u> <u>id.</u> at 475.
Sovereign immunity is jurisdictional in nature.  Thus, without a
waiver of immunity, a district court lacks jurisdiction to
entertain a case against the federal government or its agencies.
<u>See</u> <u>id.</u>  Any waiver of sovereign immunity must be expressed in
unequivocal terms.  <u>See</u> <u>United States Dep't of Energy v. Ohio</u>,
503 U.S. 607, 615 (1992).  The United States has not waived its

sovereign immunity for damages arising from constitutional violations.  See Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991); Keene Corp. v. United States, 700 F.2d 836, 845 n.13 (2d Cir.) cert. denied, 464 U.S. 864 (1983).  Thus, Fields' claims against the BOP also could be dismissed on sovereign immunity grounds.

> 2.   Claims Against Davis, Lappin and Hershberger

The BOP also argues that the court should dismiss all claims against defendants Davis, Lappin and Hershberger.  Fields has responded to this argument.  Thus, the court will consider the claims against defendants Davis, Lappin and Hershberger.

Defendant Davis is identified as a warden.  The court assumes that defendant Davis is the warden at USP Marion. Defendant Lappin is identified as the Director of the Federal Bureau of Prisons and defendant Hershberger as the Director of the North Central Regional Office of the Federal Bureau of Prisons.

The BOP argues that Fields fails to allege facts suggesting that any of these defendants deprived him of his right of access to the courts.  In response, Fields contends that he also asserts claims of retaliatory transfer, conspiracy to deprive him of his constitutionally protected right of access to the courts and their neglect of their continued responsibility for federal prisoners confined in state correctional facilities.

As the court explained above, to state a claim for denial of access to the courts, a prisoner must demonstrate an actual injury.  See Lewis, 518 U.S. at 349.  Fields has not alleged any facts in his amended complaint from which the court could find that his transfer to Connecticut caused him to be unable to file a complaint or petition, or to file a complaint or petition that was so technically deficient that it was dismissed without consideration of the merits of his claims.  Fields has filed one other civil rights action in this district since his arrival.  See Fields v. Choinski, 3:05cv874 (RNC).  In addition, he has attached as an exhibit to the amended complaint a completed petition for writ of habeas corpus which he has not filed.  Neither complaint was dismissed as technically deficient.  Thus, Fields has alleged no facts to support a claims of denial of access to the courts.

Fields also alleges that he was transferred in retaliation for filing lawsuits against correctional staff.  Prison officials may not retaliate against inmates for exercising their constitutional rights.  See, e.g., Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).  To state a retaliation claim, Fields must show that his actions were protected by the Constitution and that his protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct.  Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000) (internal citation

12

omitted).

The court can infer an improper motive from the temporal proximity of the filing of a grievance or other legal document and the alleged retaliatory act, the inmate's prior good disciplinary record, vindication at a hearing on the matter or statements by the defendant regarding his motive for the allegedly retaliatory act.  See Colon, 58 F.3d at 872-73. However, because claims of retaliation are easily fabricated, the courts "examine prisoners' claims of retaliation with skepticism and particular care."  Colon, 58 F.3d at 872.  The courts require "detailed fact pleading ... to withstand a motion to dismiss." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Thus, to avoid dismissal, Fields' retaliation claim must be "supported by specific and detailed factual allegations," and cannot be stated "in wholly conclusory terms."  Friedl, 210 F.3d at 85-86 (quotations omitted).  In addition, only those retaliatory acts likely to "chill a person of ordinary firmness from continuing to engage" in protected conduct are actionable under section 1983; allegations of de minimis acts of retaliation are not cognizable.  Thaddeus-X v. Blatter, 175 F.3d 378, 397 (6th Cir. 1999) (cited with approval in Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001)).

Fields relies on the temporal proximity of his giving a legal document to prison officials for mailing and his transfer.

13

In his Declaration in Opposition to Defendants' Motion to Dismiss
[doc. #31-1], Fields states that he arrived at Northern
Correctional Institution less than twenty-four hours after he
gave the legal documents to correctional staff.  The court finds
Fields' assumption that the BOP and Connecticut Department of
Correction created and agreed to the terms of the
intergovernmental agreement, arranged transportation and had
Fields transferred to Connecticut in less than twenty-four hours
to be beyond belief.  Fields states in his amended complaint that
he has had cases pending against USP Marion staff since May 2002.
In light of his two-year history of litigation, the court
concludes that his transfer within hours of submitting documents
for filing is a mere coincidence.

Fields has provided no information regarding the second and
third examples of conduct that could give rise to an inference of
retaliatory conduct.  With regard to the fourth example, Fields
alleges only that a correctional lieutenant made a comment
regarding Fields' litigation activities.  That officer is not a
defendant in this case.  Fields has alleged no facts suggesting
that defendant Davis was personally involved in his transfer or,
if he was, that he had an improper motive for Fields' transfer.
Thus, Fields' allegations of retaliatory transfer are conclusory
at best.  Any claim of retaliatory transfer will be dismissed
pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii) (authorizing the

district court to dismiss at any time allegations that fail to state a claim upon which relief may be granted).

Fields also includes general allegations that all defendants conspired to violate his right of access to the courts.  A claim of conspiracy to violate civil rights requires more than general allegations.  See Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993) (citations omitted); see also Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (vague, prolix allegations without pleading any overt acts are insufficient to state a claim of conspiracy); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (vague and conclusory statements without specific facts are not enough).  This requirement is not changed by the Supreme Court's decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), which proscribes the application of a "heightened pleading standard" in civil rights cases.  Cases decided after Leatherman continue to hold that a claim of conspiracy must contain more than mere conclusory allegations to withstand a motion to dismiss.  Rather than constituting a heightened pleading standard, the requirement merely implements Rule 8(a)(2), Fed. R. Civ. P., which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (holding that vague, general or conclusory allegations of conspiracy are insufficient to

15

withstand a motion to dismiss); Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (same).

Fields has included no specific allegations in his complaint regarding his conspiracy claim. He merely concludes that various actions were the result of a conspiracy. These conclusory allegations are insufficient to state a claim for conspiracy. The conspiracy allegations against defendants Davis, Lappin, Hershberger and the BOP will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

In addition, the claims against defendants Lappin and Hershberger are subject to dismissal on the ground that these defendants cannot be held liable under a theory of respondeat superior. See Cuoco v. Moritsugu, 222 F.3d 99, 110 (2d Cir. 2000) (holding that liability in a Bivens action may not be established on a pure respondeat superior theory).

A Bivens actions enables a plaintiff to recover damages against federal defendants acting in their individual capacities where their conduct is found to violate constitutional rights. See Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981). To establish a Bivens claim, Fields must demonstrate each defendant's direct or personal involvement in the incident that gave rise to his constitutional deprivation. See Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987), cert. denied sub nom. Barbera v. Schlessinger,

489 U.S. 1065 (1989).

Fields cannot state a claim against supervisory officials simply by alleging that the subordinate officers acted improperly.  He must allege facts showing the official's personal involvement in the challenged conduct.  See Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003).  A supervisory official who has not directly participated in the conduct complained of may be found personally involved if he created, or permitted to continue, the policy or practice pursuant to which the alleged violation occurred or acted recklessly in managing his subordinates who caused the unlawful incident.  See Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Although Fields includes defendants Lappin and Hershberger in the case caption, he does not reference either defendant in the amended complaint.  Thus, there is no basis upon which the court could infer that either defendant participated in or was even aware of Fields' transfer to Connecticut.  The court concludes that Fields has included these defendants because of their supervisory positions only.  All claims against defendants Lappin and Hershberger could be dismissed on this ground as well.

IV.  Conclusion

Fields' motions for leave to amend [**doc. #18**] and for preliminary injunctive relief [**doc. #14**] are **DENIED.**  The BOP's

motion to dismiss [**doc. #29**] is **GRANTED** as to all claims against the BOP.  All claims against defendants Davis, Lappin and Hershberger are **DISMISSED** pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii).  This case will proceed as to the claims against defendants Connecticut Department of Correction, Lantz, Acosta, Milling, Choinski, McGill, Rose, Levesque, Suse, Bradway, Sailius, O'Dell, Pensavalle, Krob, Alexander and St. John.

    **SO ORDERED** this ___9th____ day of November, 2005, at Bridgeport, Connecticut.

                      _____/s/_____

                      Warren W. Eginton
                      Senior United States District Judge