UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


ANDREW FIELDS                      :
                                   :           PRISONER
     v.                            :    Case No. 3:04CV1245(WWE)(HBF)
                                   :
CONNECTICUT DEPARTMENT             :
OF CORRECTION, et al.[1]           :


MEMORANDUM OF DECISION

Plaintiff Andrew Fields ("Fields") is a federally sentenced prisoner who was housed, for a time, in Connecticut correctional facilities pursuant to an intergovernmental agreement between the Federal Bureau of Prisons and the Connecticut Department of Correction.  He brings this civil rights action *pro se* pursuant to 28 U.S.C. § 1915.  Fields alleges, *inter alia*, that he was transferred improperly to different cells in response to his attempts to provide legal assistance to other inmates, denied access to the courts and falsely accused of possessing contraband.  Defendants Connecticut Department of Correction, Lantz, Acosta, Milling, Choinski, McGill, Rose, Levesque, Suse,

----

[1] The named defendants in the amended complaint are Connecticut Department of Correction, Theresa C. Lantz, Remi Acosta, Lynn Milling, Wayne Choinski, Jeffrey McGill, Terrence Rose, Fred Levesque, Mark R. Suse, Brian Bradway, Lt. Salius, O'Dell, Pensavalle, Krob, Alexander, St. John, Federal Bureau of Prisons, Randy Davis, Harley Lappin and Gregory L. Hershberger. All correctional officials are named in their individual capacities only.  On November 14, 2005, the court granted the motion to dismiss filed by defendants Federal Bureau of Prisons, Davis, Lappin and Hershberger.

Bradway, Salius, O'Dell, Pensavalle, Krob, Alexander and St. John ("the State defendants") have filed a motion for judgment on the pleadings.  For the reasons that follow, the State defendants' motion will be granted.

I.    Standard of Review

The Rule 12(c) standard for judgment on the pleadings is essentially the same as that applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  See also Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.), cert. denied, 513 U.S. 816 (1994).  The court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  "'[T]he office of a motion [for judgment on the pleadings] is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  In its review of

the motion for judgment on the pleadings, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

II.  Facts

For the purposes of deciding this motion, the court assumes that the following allegations contained in the amended complaint and attached documents are true.  The court includes only those facts relevant to the claims against the State defendants.

Prior to his transfer to Connecticut, Fields was incarcerated at the United States Penitentiary in Marion, Illinois.  Fields describes himself as a writ writer, that is, an inmate who provides legal assistance to other inmates.

Upon his arrival in Connecticut, Fields was incarcerated at Northern Correctional Institution.  When he began providing legal assistance to inmates in surrounding cells, Fields was transferred to another cell.  Fields was neither permitted to use the legal resource center at Northern Correctional Institution nor otherwise provided access to federal legal materials.  When Fields tried to obtain a legal book, the book was returned because it had not been sent by a bookstore or the publisher.

On July 8, 2004, a search of Fields' cell revealed a sharpened piece of plastic hidden above the light fixture. Fields was charged with possession of contraband and found guilty

at a disciplinary hearing.  The disciplinary finding was upheld
on appeal.

III. Discussion

The State defendants move for judgment on the pleadings on
the ground that Fields fails to state a cognizable claim against
any of the State defendants.  The State defendants filed this
motion on January 17, 2006.  Fields did not respond to the motion
within the required time.  On May 19, 2006, the court issued a
notice informing Fields of his obligation to respond to the
motion and cautioning him that the motion could be granted if he
failed to submit his opposition on or before June 9, 2006.  To
date, Fields has neither responded to the motion for judgment on
the pleadings nor sought additional time within which to respond.

A.   Transfer

The State defendants first argue that Fields has no
constitutional right to be housed in any particular cell or
correctional facility.

The plaintiff has no constitutional right to be confined in
any particular prison or even in any particular state.  See Olim
v. Wakinekona, 461 U.S. 238, 248 (1983) (inmates have no right to
be confined in a particular state or a particular prison within a
given state); Meachum v. Fano, 427 U.S. 215, 225 (1976) (transfer
among correctional facilities, without more, does not violate
inmate's constitutional rights, even where conditions in one
prison are "more disagreeable" or the prison has "more severe

4

rules).   Thus, Fields fails to state a cognizable claim for

improper transfer.

In addition, to the extent that Fields is arguing that he

was transferred in retaliation for exercising his constitutional

right to provide legal assistance to other prisoners, his claim

fails.   Inmates have no constitutional right to provide legal

assistance to other inmates. Shaw v. Murphy, 532 U.S. 223, 225,

231 (2001).   The State defendants' motion will be granted as to

any claims for improper transfer on this ground.

B.   Access to the Courts

The State defendants next argue that Fields has not stated a

claim for denial of access to the courts.

In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court

clarified what is encompassed in an inmate's right of access to

the courts and what constitutes standing to bring a claim for the

violation of that right.   The Court held that to show that the

defendants violated his right of access to the courts, an inmate

must allege facts demonstrating an actual injury stemming from

the defendants' unconstitutional conduct. See id. at 349.   As an

illustration, the Court noted that if an inmate were able to show

that, as a result of the defendant's action, he was unable to

file an initial complaint or petition, or that the complaint he

filed was so technically deficient that it was dismissed without

a consideration of the merits of the claim, he could state a

claim for denial of access to the courts. See id. at 351.   The

Court, however, specifically disclaimed any requirement that prison officials ensure that inmates have sufficient resources to discover grievances or litigate effectively once their claims are brought before the court.  See id. at 355.

The actual injury claimed cannot derive from "just any type of frustrated legal claim."  Id. at 354.  Inmates must be afforded access to court to file a direct appeal, a petition for writ of habeas corpus or a civil rights action challenging the denial of a basic constitutional right.  The inability to file or prosecute actions other than direct or collateral attacks on their sentences or a challenge to their conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id. at 355.

Fields alleges that he needed legal assistance to file four lawsuits, a habeas petition and a motion pursuant to 28 U.S.C. § 2255.  While confined in Connecticut, Fields filed two civil rights actions.  A review of the documents filed in this case indicates that Fields had access to federal caselaw and was able to make legal arguments in support of his claims.  Fields does not allege what issues he intended to raise in the referenced cases or why he was unable to file them.  In light of the caselaw and argument included in the papers Fields filed in this case, a conclusory statement that he could not file cases because he was denied access to federal materials is insufficient to state a claim for denial of access to the courts.  The State defendants'

motion will be granted as to any claim for denial of access to the courts.

C.    False Disciplinary Charge

Fields alleges that he was falsely accused of possessing contraband.  The State defendants contend that Fields fails to state a cognizable claim.

False accusation, without more, is not cognizable in a section 1983 action.  Inmates "have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."  Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988).  Inmates do, however, have a constitutional right "not to be deprived of a protected liberty interest without due process of law."  Id.  An inmate's protection against false accusations lies in the procedural due process protections required in the hearing process by Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).  See Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984).  "[A]s long as the disciplinary hearing that follows a false misbehavior report complied with due process, the 'filing of unfounded charges [does] not give rise to a per se constitutional violation.'"  Anderson v. Sullivan, 702 F. Supp. 424, 427 (S.D.N.Y. 1988) (quoting Freeman,  808 F.2d at 953).  Thus, a false accusation, without more, does not violate an inmate's constitutional rights as long as the inmate has the opportunity

to rebut the charge at a hearing.  See Freeman, 808 F.2d at 951.

Fields has attached to his amended complaint documents indicating that the disciplinary finding was upheld on appeal. The reviewer, defendant Acosta, determined that Fields was afforded due process at the hearing.  Because Fields was afforded due process at the disciplinary hearing, he fails to state a claim for false accusation.  The State defendants' motion for judgment on the pleadings will be granted as to the claim of the denial of access to the courts.

D.   Retaliation and Conspiracy

Fields also alleges that he was transferred in retaliation for filing lawsuits against correctional staff.  Prison officials may not retaliate against inmates for exercising their constitutional rights.  See, e.g., Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).  To state a retaliation claim, Fields must show that his actions were protected by the Constitution and that his protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct.  Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000) (internal citation omitted).

Because claims of retaliation are easily fabricated, the courts "examine prisoners' claims of retaliation with skepticism and particular care."  Colon, 58 F.3d at 872.  The courts require "detailed fact pleading ... to withstand a motion to dismiss." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Thus, to avoid dismissal, Fields' retaliation claim must be "supported by specific and detailed factual allegations," and cannot be stated "in wholly conclusory terms."  Friedl, 210 F.3d at 85-86 (quotations omitted).  In addition, only those retaliatory acts likely to "chill a person of ordinary firmness from continuing to engage" in protected conduct are actionable under section 1983; allegations of *de minimis* acts of retaliation are not cognizable.  Thaddeus-X v. Blatter, 175 F.3d 378, 397 (6th Cir. 1999) (cited with approval in Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001)).

Fields alleges no facts indicating that any of the State defendants retaliated against him for filing his own lawsuits. Rather, the allegations suggest the State defendants objected to Fields' legal activities for other inmates.  As discussed above, Fields has no constitutional right to provide legal assistance to other prisoners.  The court concludes that Fields fails to state a claim for retaliatory conduct by any of the State defendants.

Fields also includes general allegations that all defendants conspired to violate his right of access to the courts.  A claim of conspiracy to violate civil rights requires more than general allegations.  See Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993) (citations omitted); see also Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (holding that vague, general or conclusory allegations of conspiracy are insufficient to withstand a motion to dismiss).

Fields has included no specific allegations in his amended complaint regarding his conspiracy claim.  He merely concludes that various actions were the result of a conspiracy.  These conclusory allegations are insufficient to state a claim for conspiracy.  Thus, the State defendants' motion for judgment on the pleadings will be granted as to the claims for retaliation and conspiracy.

IV.   Conclusion

The motion for judgment on the pleadings [**doc. #33**] is **GRANTED**.  The Clerk is directed to enter judgment in favor of all defendants and close this case.

**SO ORDERED** this 29th day of June, 2006, at  Bridgeport, Connecticut.

_____/s/_____

Warren W. Eginton
Senior United States District Judge